UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

**CASE NO. 0:19-cv-62924**

MARKEL AMERICAN INSURANCE
COMPANY,

      Plaintiff,

vs.

A1C HOLDINGS, LLC, JAMES LETKO,
STEVEN KING, and KATHERINE PETERSON,

      Defendants.

_____/

A1C HOLDINGS, LLC, JAMES LETKO,
STEVEN KING, and KATHERINE PETERSON,

      Counter-Plaintiffs,

vs.

MARKEL AMERICAN INSURANCE
COMPANY,

      Counter-Defendant.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

      COMES NOW the Defendants, A1C HOLDINGS, LLC ("A1C"), JAMES LETKO ("LETKO"), STEVEN KING ("KING") and KATHERINE PETERSON ("PETERSON") (collectively "Defendants"), by and through undersigned counsel, files their Answer to Plaintiff, MARKEL AMERICAN INSURANCE COMPANY's ("MAIC") Complaint for Declaratory Relief, Affirmative Defenses and Counterclaim, and state as follows:

## NATURE OF ACTION

1.      Defendants are without knowledge as to the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

2.      Defendants are without knowledge as to the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore deny the same.

## INTRODUCTION

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants are without knowledge as to the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore deny the same.

5.      Defendants are without knowledge as to the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore deny the same.

6.      Defendants are without knowledge as to the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore deny the same.

7.      Defendants are without knowledge as to the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore deny the same.

8.      Defendants are without knowledge as to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore deny the same.

9.      Defendants are without knowledge as to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore deny the same.

10.      Defendants are without knowledge as to the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore deny the same.

CASE NO. 0:19-cv-62924

## PARTIES

11.     Defendants are without knowledge as to the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12.     Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

16.     Defendants are without knowledge as to the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore deny the same.

17.     Defendants are without knowledge as to the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

18.     The first sentence states a conclusion of law to which no response is required. Defendants deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint

19.     Defendants are without knowledge as to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore deny the same.

21.     Defendants are without knowledge as to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

22.     Defendants are without knowledge as to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

## RELEVANT ENTITIES AND INDIVIDUALS

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants admit that LETKO was the CEO starting in 2016.  Defendants deny all remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## THE MAIC POLICY

37.     Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The Defendants state the Policy speaks for itself.

39.     The Defendants state the Policy speaks for itself.

40.     The Defendants state the Policy speaks for itself.

41.     The Defendants state the Policy speaks for itself.

42.     The Defendants state the Policy speaks for itself.

43.     The Defendants state the Policy speaks for itself.

44.     The Defendants state the Policy speaks for itself.

45.     The Defendants state the Policy speaks for itself.

46.     The Defendants state the Policy speaks for itself.

47.     The Defendants state the Policy speaks for itself.

48.     The Defendants state the Policy speaks for itself.

49.     The Defendants state the Policy speaks for itself.

50.     The Defendants state the Policy speaks for itself.

51.     The Defendants state the Policy speaks for itself.

52.     The Defendants state the Policy speaks for itself.

53.     The Defendants state the Policy speaks for itself.

54.     The Defendants state the Policy speaks for itself.

## RELEVANT BACKGROUND

55.     Defendants are without knowledge as to the allegations contained in Paragraph 55 of Plaintiff's Complaint, and therefore deny the same.

56.     Defendants are without knowledge as to the allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore deny the same.

57.     Defendants admit the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants admit the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants admit the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants admit the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     The Defendants state the document speaks for itself.

62.     The Defendants state the document speaks for itself.

63.     Defendants are without knowledge as to the allegations contained in Paragraph 63 of Plaintiff's Complaint, and therefore deny the same.

64.     Defendants are without knowledge as to the allegations contained in Paragraph 64 of Plaintiff's Complaint, and therefore deny the same.

65.     Defendants are without knowledge as to the allegations contained in Paragraph 65 of Plaintiff's Complaint, and therefore deny the same.

66.     Defendants are without knowledge as to the allegations contained in Paragraph 66 of Plaintiff's Complaint, and therefore deny the same.

67.     Defendants are without knowledge as to the allegations contained in Paragraph 67 of Plaintiff's Complaint, and therefore deny the same.

68.     Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Complaint

69.     The Defendants state the document speaks for itself.

70.     Defendants are without knowledge as to the allegations contained in Paragraph 70 of Plaintiff's Complaint, and therefore deny the same.

71.     Defendants are without knowledge as to the allegations contained in Paragraph 71 of Plaintiff's Complaint, and therefore deny the same.

72.     Defendants are without knowledge as to the allegations contained in Paragraph 72 of Plaintiff's Complaint, and therefore deny the same.

73.     Defendants are without knowledge as to the allegations contained in Paragraph 73 of Plaintiff's Complaint, and therefore deny the same.

74.     Defendants are without knowledge as to the allegations contained in Paragraph 74 of Plaintiff's Complaint, and therefore deny the same.

75.     The Defendants state the document speaks for itself.

76.     The Defendants state the document speaks for itself.

77.     Defendants are without knowledge as to the allegations contained in Paragraph 77 of Plaintiff's Complaint, and therefore deny the same.

78.     Defendants are without knowledge as to the allegations contained in Paragraph 78 of Plaintiff's Complaint, and therefore deny the same.

79.     Defendants are without knowledge as to the allegations contained in Paragraph 79 of Plaintiff's Complaint, and therefore deny the same.

80.     Defendants admit the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants admit the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants admit the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants admit the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint, and therefore deny the same.

85.     Defendants are without knowledge as to the allegations contained in Paragraph 85 of Plaintiff's Complaint, and therefore deny the same.

86.     The Defendants state the Indictment speaks for itself.

87.     The Defendants state the Indictment speaks for itself.

88.     The Defendants state the Indictment speaks for itself.

89.     The Defendants state the Indictment speaks for itself.

90.     The Defendants state the Indictment speaks for itself.

91.     Defendants admit the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants are without knowledge as to the allegations contained in Paragraph 92 of Plaintiff's Complaint, and therefore deny the same.

93.     Defendants are without knowledge as to the allegations contained in Paragraph 93 of Plaintiff's Complaint, and therefore deny the same.

94.     Defendants admit the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants admit the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     The Defendants state the document speaks for itself.

97.     Defendants are without knowledge as to the allegations contained in Paragraph 97 of Plaintiff's Complaint, and therefore deny the same.

98.     The Defendants state the document speaks for itself.

99.     The Defendants state the document speaks for itself.

## **REQUEST FOR DECLARATORY JUDGMENT**

100.     Defendants are without knowledge as to the allegations contained in Paragraph 100 of Plaintiff's Complaint, and therefore deny the same.

101.     Defendants are without knowledge as to the allegations contained in Paragraph 101 of Plaintiff's Complaint, and therefore deny the same.

## **COUNT I – DECLARATORY JUDGMENT**
### **(Professional Services Exclusion)**

102.     No response required.

103.     The Defendants state the Policy speaks for itself.

104.     Defendants deny the allegation in Paragraph 104 of Plaintiff's Complaint.

105.     Defendants deny the allegation in Paragraph 105 of Plaintiff's Complaint.

106.     Defendants deny the allegation in Paragraph 106 of Plaintiff's Complaint.

107.     Defendants deny the allegation in Paragraph 107 of Plaintiff's Complaint.

## **COUNT II – DECLARATORY JUDMENT**
### **(Exclusion I.)**

108.     No response required.

109.     The Defendants state the Policy speaks for itself.

110.     The Defendants state the Indictment speaks for itself.

111.     The Defendants state the Indictment speaks for itself.

112.     The Defendants state the Indictment speaks for itself.

113.     Defendants deny the allegation in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants deny the allegation in Paragraph 114 of Plaintiff's Complaint.

115.    Defendants deny the allegation in Paragraph 115 of Plaintiff's Complaint.

## COUNT III – DECLARATORY JUDGMENT
### (Exclusion J.)

116.    No response required.

117.    The Defendants state the Policy speaks for itself.

118.    The Defendants state the Indictment speaks for itself.

119.    The Defendants state the Indictment speaks for itself.

120.    The Defendants state the Indictment speaks for itself.

121.    The Defendants state the Indictment speaks for itself.

122.    Defendants deny the allegation in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny the allegation in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny the allegation in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny the allegation in Paragraph 125 of Plaintiff's Complaint.

## COUNT IV – DECLARATORY JUDGMENT
### (Reimbursement)

126.    No response required.

127.    Defendants deny the allegation in Paragraph 127 of Plaintiff's Complaint.

128.    Defendants are without knowledge as to the allegations contained in Paragraph 128 of Plaintiff's Complaint, and therefore deny the same.

129.    Defendants are without knowledge as to the allegations contained in Paragraph 129 of Plaintiff's Complaint, and therefore deny the same.

130.    Defendants deny the allegation in Paragraph 130 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for Defendants' first affirmative defense, Defendants would state that Plaintiff is estopped from denying coverage by knowingly accepting coverage and defense of the claim, not properly reserving its right to challenge coverage in accordance with Section 627.426 Florida Statutes, and by among other things failing to provide full disclosure of coverage defenses.

### SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, Defendants would state that Plaintiff has waived its right to deny coverage by knowingly accepting coverage and defense of the underlying claim and not properly reserving its right to challenge coverage in accordance to Section 627.426 Florida Statutes by, among other things failing to provide full disclosure of the coverage defenses.

### THIRD AFFIRMATIVE DEFENSE

As and for its third affirmative defense, Defendants would state that Defendants' conduct as alleged in the Indictment does not implicate the Professional Services Exclusion. For this reason, Plaintiff should be required to provide coverage and a defense.

### FOURTH AFFIRMATIVE DEFENSE

As and for its fourth affirmative defense, Defendants would state that based upon the allegations of the Indictment, Plaintiff is obligated to defend and indemnify the Defendants.

### FIFTH AFFIRMATIVE DEFENSE

As and for its fifth affirmative defense, Defendants would state that MAIC's action is barred by the doctrine of unclean hands.

WHEREFORE, Defendants, A1C HOLDINGS, LLC ("A1C"), JAMES LETKO ("LETKO"), STEVEN KING ("KING") and KATHERINE PETERSON ("PETERSON"),

respectfully request that the Court dismiss this action in its entirety, award Defendants attorneys' fees pursuant to Section 627.428 Florida Statutes and costs in defending this action, and grant such other relief as does just and proper.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, A1C HOLDINGS, LLC ("A1C"), JAMES LETKO ("LETKO"), STEVEN KING ("KING") and KATHERINE PETERSON ("PETERSON"), by and through undersigned counsel, hereby complains of Plaintiff/Counterclaim Defendant, MARKEL AMERICAN INSURANCE COMPANY, as follows;

## PARTIES

1.      Defendant/Counter-Plaintiff, AIC is a limited liability company existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

2.      Defendants/Counter-Plaintiffs JAMES LETKO and KATHERINE PETERSON are residents of the State of New Jersey.  Defendant/Counter-Plaintiff, STEVEN KING is a resident of the State of Florida.

3.      Upon information and belief, Plaintiff/Counter-Defendant is a corporation existing under the laws of the State of Virginia and is a citizen of Virginia

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and 1332(c)(1) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court of the Southern District of Florida pursuant to 28 U.S.C. § 1391 because A1C Holdings and King are residents of this district.

6.      Venue is proper in the United States District Court of the Southern District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## STATEMENT OF CLAIM

7.      MAIC issued a For Profit Management Liability Policy (the "Policy") to A1C on a claim made basis for the period March 25, 2017 to April 11, 2018.  The Policy includes the following Coverage Parts: (1) Directors and Officers and Company Liability (Coverage Part A.); and (2) and Employment Practices and Third-Party Discrimination Liability (Coverage Part B.).  A copy of the Policy is attached to the Complaint as Exhibit A. (DE 1)

8.      The Insuring Agreement in Section I. of Coverage Part A. of the Policy provides, in relevant part:

> **A.    INSURED PERSON LIABILITY COVERAGE**
>
> The Insurer shall pay on behalf of the **Insured Persons** all **Loss** for which the **Insured Persons** are not indemnified by the **Company** and which the **Insured Persons** become legally obligated to pay an account of any **Claim** first made against **Insured Persons**, individually or otherwise, during the **Policy Period** or any applicable **Extended Reporting Period**, if purchased, for a **Wrongful Act** taking place before or during the **Policy Period**.
>
> **B.    COMPANY REIMBURSEMENT COVERAGE**
>
> The Insurer shall pay on behalf of the **Company** all **Loss** for which the **Company** grants indemnification to the **Insured Persons**, as permitted or required by the law, and which the **Insured Persons** have become legally obligated to pay on

account of any **Claim** first made against **Insured Persons**, individually or otherwise, during the **Policy Period** or any applicable **Extended Reporting Period**, if purchased, for a **Wrongful Act** taking place before or during the **Policy Period**.

C.     **COMPANY LIABILITY COVERAGE**

The Insurer shall pay on behalf of the **Company** all **Loss** which the **Company** becomes legally obligated to pay on account of any **Claim** first made against the **Company** during the **Policy Period** or the **Extended Reporting Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**.

9.     On September 26, 2019, a grand jury in the U.S. District Court of the Eastern District of Michigan, Southern Division, indicted JAMES LETKO, STEVEN KING and KATHERINE PETERSON, among others. The Indictment charges LETKO, KING and PETERSON with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349.  A copy of the Indictment is attached to the Plaintiff's Complaint as Exhibit B.

10.     On September 27, 2019, AIC Holdings, LETKO and KING provided MAIC with written notice of the Indictment.

11.     In response, MAIC acknowledged that in addition to A1C (the named insured), LETKO, KING and PETERSON qualify as **Insured Persons** under the Policy.

12.     The Insuring Agreement obligates MAIC to defend and indemnify the Defendants against the Indictment as the Indictment was filed and reported to MAIC during the **Policy Period** for a **Wrongful Act** taking place before or during the **Policy Period**.

13.     However, by letter dated November 1, 2019, MAIC denied coverage for the Indictment on the basis that it is excluded pursuant to the Professional Services Exclusion; Exclusion "I" and/or Exclusion "J".

14.     The Policy's Professional Services Exclusion provides that:

> 1.     With respect to the above marked Coverage Part(s), SECTION – EXCLUSIONS is amended by the addition of the following exclusion:
>
> The Insurer shall not be liable to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** based upon, arising out of, or in any way involving any involving any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty in connection with the rendering or failure to render any professional services.
>
> This exclusion shall not apply to any **Insured Person** against whom a **Claim** is made alleging such **Insured Person** failed to supervise the rendering of or failure to render any professional services excluded above.  However, the Insurer's liability for **Loss** for such covered **Claim** shall be limited to **Loss** arising from the failure to supervise the rendering of or failure to render professional services only.

15.     Defendants/Counter-Plaintiffs contend that MAIC is obligated to provide coverage for the Indictment because the conduct alleged in the Indictment does not concern any failure to provide professional services and therefore the professional services exclusion does not apply.

16.     Section IV – ("Exclusion I.") provides that the Insurer shall not be liable under this Coverage Part to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** made against any **Insured**:

> Based upon, arising out of or in any way involving any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such **Insured**, if a final and non-appealable adjudication adverse to such **Insured** in any proceeding not brought by the Insurer establishes such a deliberately fraudulent act or omission or willful violation[.]

(Ex. A).

17.     Section IV – ("Exclusion J.") provides that the Insurer shall not be liable under this Coverage Part to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** made against any **Insured**:

> Based upon, arising out of or in any way involving such **Insured Person** gaining any profit, remuneration or financial advantage to which such **Insured** was not legally entitled, if (i) a final and non-appealable adjudication adverse to such **Insured** in any proceeding not brought by the Insurer establishes such **Insured** in fact gained any such profit, remuneration or advantage, or (ii) such **Insured** agrees to repay to the **Company** such profit, remuneration or financial advantage[.]

(Ex. A).

18.     Defendants/Counter-Plaintiffs contend that neither exclusion "I" nor "J" operate to exclude coverage, as there has been no adverse adjudication against any of the insureds in a proceeding not brought by the insurer establishing a deliberately fraudulent act or omission.

19.     The parties have an actual, present and *bonafide* dispute as to whether the policy provides coverage for the Indictment.

20.     The Defendants have been forced to retain the services of undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I – DECLARATORY JUDGMENT
### (Professional Services Exclusion)

21.     Defendants/Counter-Plaintiffs repeat and reallege Paragraphs 1 through 20 above as if fully set forth herein.

22.     Pursuant to the Professional Services Exclusion, MAIC shall be liable to pay any Loss on account of, and shall be obligated to defend, any Claim based upon, arising out of, or in any way involving "any actual or alleged error, misstatement, misleading

statement,  act, omission, neglect, or  breach of  duty  in connection with the  rendering  or

failure  to render  any professional  services."

23.     The allegations  in  the  Indictment  are  not based upon, do not arise out  of,

and/or  do not involve actual  or alleged errors,  misstatements,  misleading statements, acts,

omissions,  neglect,  or  breach of  duty  in connection with the  rendering  or  failure  to render

any  professional  services.

24.     The allegations in the Indictment are not based upon and do not arise out of

professional services because the Indictment charges the Defendants with false and fraudulent

healthcare billing practices, which are not professional services.

25.      MAIC therefore had a duty to defend or indemnify the Defendants and/or any

other Insured Persons in connection with the Indictment.

## COUNT II – DECLARATORY JUDGMENT
### (Exclusion I.)

26.     Defendants/Counter-Plaintiffs  repeat  and  reallege  Paragraphs  1  through  20

above as if fully set forth herein.

27.     Pursuant  to Exclusion I. in the  Policy, MAIC  shall  not  be  liable  to pay  any

Loss on account  of,  and shall  not  be  obligated to defend, any  Claim  based upon, arising

out of, or  in any  way  involving  any  involving  "any  deliberately  fraudulent  act or  omission

or  any  willful violation of any  statute  or  regulation  committed  by  such  Insured, if  a final

and non-appealable adjudication adverse  to such  Insured  in any  proceeding  not  brought

by  the  Insurer  establishes  such  a  deliberately  fraudulent act or  omission  or  willful

violation[.]"

28.     There has been no final and non-appealable adjudication adverse to the Insureds in a proceeding not brought by the Insurer establishing such deliberately fraudulent act or willful violation.

29.     Therefore MAIC has a duty to defend and indemnify the Defendants and/or any other Insured Persons in connection with the Indictment.

## COUNT III – DECLARATORY JUDGMENT
### (Exclusion J.)

30.     Defendants/Counter-Plaintiffs repeat and reallege Paragraphs 1 through 20 above as if fully set forth herein.

31.     Pursuant to Exclusion "J" in the Policy, MAIC shall not be liable to pay any Loss on account of, and shall not be obligated to defend, any Claim based upon, arising out of, or in any way involving any involving an Insured Person "gaining any profit, remuneration or financial advantage to which such Insured was not legally entitled, if: (i) a final and non-appealable adjudication adverse to such Insured in any proceeding not brought by the Insurer establishes such Insured in fact gained any such profit, remuneration or advantage; or (ii) such Insured agrees to repay the Company such profit, remuneration or financial advantage."

32.     There has been no final and non-appealable adjudication adverse to the Insureds in a proceeding not brought by the Insurer establishing such deliberately fraudulent act or willful violation.

33.     Therefore, MAIC has a duty to defend and indemnify the Defendants and/or any other Insured Persons in connection with the Indictment

WHEREFORE, Defendants/Counter-Plaintiffs respectfully prays that this Court enter an order:

a)      Declaring that MAIC has a duty to defend the Defendants in connection with the Indictment;

b)      Declaring that MAIC has duty to indemnify the Defendants in connection with the Indictment;

c)      Declaring that MAIC is not entitled to the reimbursement/recoupment of Claim Expenses paid on behalf of each of the Defendants in connection with the Indictment;

d)      Awarding costs, disbursements, and attorneys' fees; and

e)      For such other and further relief as the Court deems just and proper.


Dated this *21st* day of April, 2020.

Respectfully submitted,

BENRUBI LAW, P.A.
1401 Forum Way, Suite 600
West Palm Beach, FL 33401
Phone: (561) 296-3963
Fax: (561) 478-3111
Email: *RBenrubi@benrubilaw.com*
Secondary: *cgarcia@benrubilaw.com*

***Counsel for Defendants***

By: */s/ Richard M. Benrubi*
     RICHARD M. BENRUBI, ESQ.
     Florida Bar No.: 796573

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>*21st*</u> day of April, 2020, I electronically filed the foregoing instrument with the Clerk of the Court by using the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

TRESSLER LLP
Michael Delhagen, Esq.
Kiera Fitzpatrick, Esq.
One Penn Plaza, Suite 4701
New York, NY  10119
Tel: (646) 833-0900
mdelhagen@tresslerllp.com
kfitzpatrick@tresslerllp.com
*Pro Hac Vice Admission Pending*

**Attorneys for Plaintiff**
**Markel American Ins. Co.**